## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CEREESA LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| THE TJX COMPANIES, INC. d/b/a | ) |
| TJ MAXX, TJ MAXX OF IL, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now, Plaintiff, CEREESA LACEY, by counsel, **MIDWEST INJURY LAWYERS, LLC**, and for her Complaint against Defendants, THE TJX COMPANIES, INC. D/B/A TJ MAXX and TJ MAXX OF IL, LLC, respectfully states as follows:

### I.     BASIS FOR FEDERAL JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a). Plaintiff alleges the citizenship of all parties in paragraphs 3-5 below and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

2.     Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) as the incident that forms the subject matter of this Complaint took place in Lake County, Illinois, which is within the Northern District of Illinois-Eastern Division.

### II.     THE PARTIES

3.     Plaintiff is a citizen and resident of the State of Illinois

4.      The TJX Companies, Inc. d/b/a TJ Maxx is incorporated in the State of Delaware and maintains its principal place of business in the State of Massachusetts.

5.      TJ MAXX OF IL, LLC is a limited liability company organized under the laws of the State of Virginia and all of its members are believed to have non-Illinois citizenship.

### III.      GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

6.      On June 5, 2021, Plaintiff was shopping at the TJ Maxx store located 725 W. State Route 22 in Lake Zurich, Lake County, Illinois (hereinafter, "premises").

7.      At all relevant times, The TJX Companies, Inc. d/b/a TJ Maxx and TJ Maxx of IL, LLC (hereinafter and collectively, "Defendants"), through their employees and agents, controlled and occupied the premises and were responsible for supervising the activities of the premises' employees and agents.

8.      At all times relevant herein, Plaintiff was lawfully on the premises and a commercial invitee.

9.      On June 5, 2021, Defendants had display similar to the image below set up on the premises (the subject tripping hazard is identified by the yellow circle):



10.     The subject display posed a tripping hazard (hazard identified by yellow circle in photo depicted in ¶8) to invitees like Plaintiff at the store and was not open and obvious to the same. Additionally, it was foreseeable to Defendants that invitees like Plaintiff would be distracted by other signage, merchandise and/or other customers when encountering the subject display and its associated tripping hazard.

11.     On and/or June 5, 2021, Defendants did not warn Plaintiff and/or other similarly situated individuals of the subject hazard with the display nor did it take any steps to guard against or remediate the same.

12.     On June 5, 2021, Plaintiff approached a merchandise table near the subject display when she tripped and fell over the subject tripping hazard associated with the display.

13.     As a direct and proximate result of the June 5, 2021 fall, Plaintiff suffered severe and debilitating physical injuries.

## IV.     CAUSES OF ACTION

### COUNT I-ORDINARY NEGLIGENCE

14.     Plaintiff hereby incorporates by reference paragraphs 1-13 of this Complaint.

15.     On and/or before June 5, 2021, Defendants owned, possessed, operated, managed, maintained and controlled or had a duty to own, possess, operate, manage, maintain and control, both directly and indirectly, individually and through their agents, servants and employees, the premises, including but not limited to its displays and retail walkways and floors.

16.     On June 5, 2021, Defendants well knowing their duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although Defendants knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

17.     On and before June 5, 2021, Defendants owed a duty of care to Plaintiff and other similarly-situated individuals to maintain the premises' retail floor, walkways and displays in a safe manner that did not pose a tripping hazard to customers.

18.     On June 5, 2021, Defendants breached their duties of care and were negligent in one or more of the following ways:

a.  Failed to position floor displays in a manner that did not pose an unreasonable tripping hazard to customers;

b.  Failed to select floor displays that did not pose an unreasonable tripping hazard to customers;

c.  Failed to make reasonable inspection to ensure that floor displays did not pose an unreasonable tripping hazard to customers;

d.  Failed to comply with accepted industry customs and practices regarding floor sign placement and retail floor safety;

e.  Failed to warn Plaintiff and other customers of the tripping hazard associated with the subject floor display;

f.  Failed to guard and/or protect Plaintiff and other customers from the tripping hazard posed by the subject display;

g.  Allowed and permitted an unreasonable tripping hazard to exist in its store;

h.  Failed to properly train and supervise its employees, agents, and servants as to display placement safety and retail floor safety;

i.  Negligently and carelessly selected and installed inconspicuous floor displays which were difficult for Plaintiff and other invitees upon the premises to see while walking near them; and/or

j.  Failed to comply with OSHA walking-working surfaces standards.

19.  As a direct and proximate result of one or more of the foregoing negligent and/or omissions of Defendants, Plaintiff tripped and fell at the premises on June 5, 2021.

20.  As a direct and proximate result of the occurrence, Plaintiff sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, emotional distress, terror, fright,

humiliation, disability, disfigurement, and loss of enjoyment of life, loss of time, and sustained other injuries and damages of a personal and pecuniary nature.

## COUNT II-ILLINOIS PREMISES LIABILITY ACT

21.     Plaintiff hereby incorporates by reference paragraphs 1-13 of this Complaint.

22.     At all times relevant, the Illinois Premises Liability Act, as codified at 725 ILCS §130/1, *et seq.*, was in effect.

23.     On and/or before June 5, 2021, Defendants owned, possessed, operated, managed, maintained and controlled or had a duty to own, possess, operate, manage, maintain and control, both directly and indirectly, individually and through their agents, servants and employees, the premises, including but not limited to its displays and retail walkways and floors.

24.     On and/or before June 5, 2021, Defendants allowed a tripping hazard condition to exist on its retail floor that posed an unreasonable risk of harm to customers, including Plaintiff.

25.     On and/or before June 5, 2021, Defendants knew or in the exercise of ordinary care should have known of the subject condition and related risk of harm.

26.     On June 5, 2021, Defendants breached their duties of care and were negligent in one or more of the following ways:

a.  Failed to position floor displays in a manner that did not pose an unreasonable tripping hazard to customers;

b.  Failed to select floor displays that did not pose an unreasonable tripping hazard to customers;

c.  Failed to make reasonable inspection to ensure that floor displays did not pose an unreasonable tripping hazard to customers;

d.  Failed to comply with accepted industry customs and practices regarding floor sign placement and retail floor safety;

e.  Failed to warn Plaintiff and other customers of the tripping hazard associated with the subject floor display;

f.  Failed to guard and/or protect Plaintiff and other customers from the tripping hazard posed by the subject display;

g.  Allowed and permitted an unreasonable tripping hazard to exist in its store;

h.  Failed to properly train and supervise its employees, agents, and servants as to display placement safety and retail floor safety;

i.  Negligently and carelessly selected and installed inconspicuous floor displays which were difficult for Plaintiff and other invitees upon the premises to see while walking near them; and/or

j.  Failed to comply with OSHA walking-working surfaces standards.

27.  As a direct and proximate result of one or more of the foregoing negligent and/or omissions of Defendants, Plaintiff tripped and fell at the premises on June 5, 2021.

28.  As a direct and proximate result of the occurrence, Plaintiff sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, emotional distress, terror, fright, humiliation, disability, disfigurement, and loss of enjoyment of life, loss of time, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CEREESA LACEY, demands judgment in her favor and against Defendants, TJX COMPANIES, INC. D/B/A TJ MAXX and TJ MAXX OF IL, LLC

for compensatory damages and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

**MIDWEST INJURY LAWYERS, LLC**
Attorneys for Plaintiff

By:    /s/ Chester L. Cameron, Jr.

Chester L. Cameron, Jr. (Trial Bar Member)
155 N. Wacker Drive, Ste. 4250
Chicago, Illinois 60606
Telephone: (312) 786-5881
Fax: (773) 595-4716
E-Mail: ccameron@midwestinjurylawyers.com

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury on all counts of her Complaint.

Respectfully submitted,

**MIDWEST INJURY LAWYERS, LLC**
Attorneys for Plaintiff

By:    /s/ Chester L. Cameron, Jr.

Chester L. Cameron, Jr. (Trial Bar Member)
155 N. Wacker Drive, Ste. 4250
Chicago, Illinois 60606
Telephone: (312) 786-5881
Fax: (773) 595-4716
E-Mail: ccameron@midwestinjurylawyers.com